**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| NANCY E. NASH, | ) | |
| Petitioner, | ) | 2:16-cv-00901-JCM-NJK |
| vs. | ) | **ORDER** |
| JO GENTRY, *et al.*, | ) | |
| Respondents. | ) | |

This is a habeas corpus case under 28 U.S.C. § 2254.  In accordance with the court's May 11, 2016, order (ECF No. 2), petitioner has paid the filing fee.  Thus, the habeas petition is before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The petition indicates that Nash's judgment of conviction was entered on January 9, 2008, and that Nash did not file a direct appeal.  The petition also indicates that Nash did not file her first state post-conviction petition until 2012.

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

1       So, in the present case, the limitation period began running after the time expired for taking a

2   direct appeal, *i.e.*, February 8, 2008.  Absent tolling or delayed accrual, the limitation period expired

3   one year later on Monday, February 9, 2009.

4       Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the

5   pendency of a properly filed application for state post-conviction relief or for other state collateral

6   review.  Even allowing that Nash's first state post-conviction petition was properly filed for this

7   purpose, however, it appears that the federal limitation period expired three years before that petition

8   was filed.

9       Petitioner therefore must show cause in writing why the petition should not be dismissed with

10   prejudice as time-barred.

11      In this regard, petitioner is informed that the one-year limitation period may be equitably

12   tolled.  Equitable tolling is appropriate only if the petitioner can show:  (1) that he has been pursuing

13   his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

14   timely filing.  *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling is "unavailable in

15   most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to

16   trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292

17   F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.

18   2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion."

19   *Miranda*, 292 F.3d at 1065.  She must demonstrate a causal relationship between the extraordinary

20   circumstance and the lateness of his filing.  *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

21   *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

22      In addition, under certain circumstances, the one-year limitation period may begin running on

23   a later date or, as mentioned, may be statutorily tolled.  *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2).

24

25

26

**IT IS THEREFORE ORDERED** that the Clerk shall file the habeas petition herein.  The Clerk shall also add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of the petition and this order upon the respondents.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed with prejudice as time-barred.[1] If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice.  If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.  Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

**IT IS FURTHER ORDERED** that the respondents' counsel shall enter a notice of appearance within 20 days of the entry of this order, but need take no further action in the case unless and until the court so orders.

Dated June 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

3