UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NANCY E. NASH, | ) | |
|     Petitioner, | ) | 2:16-cv-00901-JCM-NJK |
| vs. | ) | **ORDER** |
| JO GENTRY, *et al.*, | ) | |
|     Respondents. | ) | |

This is a habeas corpus case under 28 U.S.C. § 2254. On June 17, 2016, this court entered an order directing petitioner to show cause why this action should not be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). ECF No. 5. On July 7, 2016, petitioner filed her response to that order. ECF No. 8.

In her response, petitioner claims that she has new evidence of her "actual innocence." The evidence she proffers is a presentence investigation report prepared in 2007 and letter dated January 15, 2013, signed by a lawyer who states in the letter that he represented Nash in relation to the real estate transaction for which Nash was convicted of defrauding investors. The gist of the letter is that Nash intended to repay the investors she was convicted of defrauding and was herself a victim of her business associate's malfeasance. The letter also refers to an attached letter dated April 5, 2005, that the lawyer purportedly sent to the associate. In that letter, the lawyer describes his understanding of the agreement between Nash and the associate.

1    A federal court may entertain an untimely claim if a petitioner makes a showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28. "[T]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935.

Nash appears to be arguing that the letters prove the presentence investigation report was fabricated. This court is unable to discern how that is the case. Moreover, Nash's conviction was the result of a guilty plea, which predated the preparation of the report. The Ninth Circuit has recognized that there is "a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc). But even assuming that *Schlup* applies in such situations, the letter from Nash's former attorney states little more than his opinion or belief that his former client did not act with wrongful intent in relation to the crime for which she was convicted. It hardly constitutes new exculpatory evidence.

Because petitioner has failed to establish that she may be entitled to equitable tolling and has not disputed the time calculations set forth in the court's order to show cause (ECF No. 5), her petition shall be dismissed as untimely under 28 U.S.C. § 2244(d).

IT IS THEREFORE ORDERED that this action is DISMISSED with prejudice as untimely.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly.

Dated October 12, 2016.

                                          /s/ James C. Mahan
                                          UNITED STATES DISTRICT JUDGE